# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mekdes J. Urgessa,<br><br>     Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage,<br><br>Experian Information Solutions, Inc.,<br><br>Equifax Information Services, L.L.C.,<br><br>CSC Credit Services, Inc., and<br><br>TransUnion, LLC,<br><br>     Defendants. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

COMES NOW the Plaintiff, Mekdes J. Urgessa, by counsel, and for her Complaint against the Defendants, alleges as follows:

## INTRODUCTION

1.  This is an action for damages by Mekdes J. Urgessa against Wells Fargo Bank, N.A., Experian Information Solutions, Inc., Equifax Information Services, L.L.C., CSC Credit Services, Inc., and TransUnion, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., *as amended* ("FCRA").

## JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §1331 and 1337.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff, Mekdes J. Urgessa, is a natural person and a resident of Minneapolis, Minnesota. She is a "consumer" as defined FCRA, 15 U.S.C. § 1681a(c).

5.      Defendant, Wells Fargo Bank, N.A., ("Wells Fargo") is a national bank and foreign corporation. Wells Fargo Bank, N.A., conducts business using the assumed name, "Wells Fargo Home Mortgage." Wells Fargo's principal place of business is located at 101 N. Phillips Avenue, Sioux Falls, South Dakota.

6.      Defendant, Experian Information Solutions, Inc. ("Experian"), is a foreign corporation and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

7.      Defendant, Equifax Information Services, LLC ("Equifax"), is a foreign corporation and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Equifax assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

8.      Defendant, CSC Credit Services, Inc. ("CSC"), is a foreign corporation and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). CSC

assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

9.      Defendant, TransUnion, LLC ("TransUnion"), is a foreign corporation and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACUTAL ALLEGATIONS

10.     On or around October 1, 1997, Plaintiff purchased a home in Minneapolis, Minnesota, financed with a loan from Wells Fargo Home Mortgage. The loan was for 30 years, with an interest rate of 7.5%, and secured with a mortgage on the Plaintiff's home. The Plaintiff's monthly payments were $256.00.

11.

12.     In January 2012, the Plaintiff faced financial hardship due to a serious illness, which required that she cut back on the hours she was able to work.

13.     As a result of the financial hardship, Plaintiff contacted Wells Fargo to inquire about any programs or ability to reduce her monthly mortgage payments.

14.     A Wells Fargo employee recommended that the Plaintiff apply for the Home Affordable Modification Program ("HAMP"), a federal government program designed to help eligible homeowners with home loan modifications.

15.    In January 2012, Plaintiff completed the application for HAMP and provided extensive documentation to Wells Fargo.

16.    On or around January 28, 2012, Plaintiff received a letter from Wells Fargo stating that Plaintiff's HAMP application was denied because "…At this time, you do not meet the requirements of the Home Affordable Modification Program because: Based on the documentation your provided, your current financial situation shows that you have the ability to make your mortgage payment."

17.    Plaintiff's HAMP application was denied, in part, because she was current on her mortgage and had never made a late payment in the entire 15 years she had the loan.

18.    After the denial of Plaintiff's HAMP application, Wells Fargo contacted the Plaintiff to explain that Wells Fargo had its own loan modification program, separate from HAMP, which was available to the Plaintiff. Wells Fargo invited the Plaintiff to apply for its private loan modification program.

19.    Plaintiff completed the application for the loan modification. Wells Fargo explained to Plaintiff that in order to qualify for the modification the Plaintiff would need to successfully pay the new, modified payment of $208.00 during a trial period of three months (March 2012 – May 2012). Wells Fargo assured the Plaintiff that she would not incur any late fees during this trial period and that she should make the modified payments despite receiving statements requiring payment of the original monthly payment of $256.00.

20.     The Plaintiff made each of the required payments during the trial period on time.

21.     In a letter date June 1, 2012, Wells Fargo stated, "We'd like to congratulate you on completing the loan modification process. We've received your signed modification agreement and are pleased to let you know your mortgage has been permanently modified."

22.     On or around June 3, 2012, the Plaintiff received a letter from Topline Federal Credit Union ("TFCU"). The letter stated that, "We regularly review member VISA accounts and credit information, and based on the recent evaluation we are sorry to inform you that your credit card referenced above will be close on the expiration date and will not be renewed when your card expires at the end of this month." TFCU stated that the primary factors that influenced their decision was: Recent Account History, Credit History, Payment History and Overlimit History." TFCU indicated that it was basing its decision on credit information discovered on Plaintiff's Equifax credit report.

23.     Plaintiff was alarmed that her credit card was being cancelled because of negative credit information. The Plaintiff had perfect credit and always paid her bills on time.

24.     After investigating the matter, Plaintiff learned that Defendant Wells Fargo was reporting to the credit bureaus that the Plaintiff was thirty days late in making her mortgage payments in April and May of 2012. Defendants Experian, Equifax, TransUnion and CSC were reporting "30 days late" for the Wells Fargo mortgage account on April and May of 2012.

25.     The Plaintiff had made all her required mortgage payments on time during the entire history of her loan. She made reduced payments in March, April and May of 2012, because Wells Fargo said it was required in order to qualify for the loan modification.

26.     The Plaintiff contacted Wells Fargo to determine why they were reporting to the credit bureaus that her mortgage payments were 30 days late for the period of time during which Wells Fargo requested that she make the new, modified payment in order to qualify for the loan modification. Wells Fargo refused to alter their reporting. Plaintiff attempted to contact Wells Fargo on several occasions, but was unsuccessful in getting them to agree to report the account properly.

27.     On or around July 2, 2012, the Plaintiff mailed letters to Equifax, CSC, Trans Union and Experian, explaining that Wells Fargo was incorrectly reporting that Plaintiff was 30 days late in making payments on her mortgage account in April and May of 2012. The Plaintiff enclosed with the letter bank statements showing that she made payments to Wells Fargo on time and also included a copy of the letter from Wells Fargo congratulating Plaintiff on successfully completing the loan modification program. The Plaintiff requested that the Defendants investigate and fix the Wells Fargo account to properly reflect her timely payments.

28.     On or around July 14, 2012, Plaintiff received responses to her disputes from Defendants CSC, Experian and TransUnion. Each of the responses indicated that the Defendants had conducted a reinvestigation into the Plaintiff's dispute. However, Defendants CSC, Experian and TransUnion continued to report the Plaintiff's Wells

6

Fargo account as having 30-day late payments in April and May of 2012. Defendant Equifax did not contact the Plaintiff in response to her dispute and, upon information and belief, did not conduct any reinvestigation.

29.     Upon information and belief, Defendants TransUnion, Equifax, Experian and CSC failed to delete the inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; failed to review and consider all relevant information submitted by Plaintiff; failed to conduct a lawful reinvestigation; failed to conduct a genuine and reasonable reinvestigation in response to Plaintiff's dispute; failed to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; persisted in reporting information that they knew or should have known to be inaccurate and damaging; and relied on verification from a source they had reason to know was unreliable.

30.     Plaintiff's credit reports and files have been obtained from Defendants TransUnion, Experian, Equifax and CSC and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least January 2012 to the present.

31.     As a result of Defendants TransUnion, Experian, Equifax and CSC's conduct, actions and inaction, Plaintiff suffered actual damages in the form of credit denials or loss of credit opportunity, credit defamation, loss of the ability to purchase and

benefit from credit and emotional distress, including anxiety, frustration, embarrassment and humiliation.

32.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

33.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state law and the rights of the Plaintiff herein.

## CAUSES OF ACTION

### COUNT I.
Failure to Maintain Reasonable Procedures
Violation of the FCRA, 15 U.S.C. § 1681e(b)
(Against Defendants Equifax, Experian, CSC and TransUnion)

34.     Plaintiff realleges and incorporates paragraphs 1 through 33 above as though fully set out herein.

35.     Defendants Experian, Equifax, CSC and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files it published and maintained concerning the Plaintiff.

36.     As a result of the conduct, action and inaction of Defendants Experian, Equifax, CSC and TransUnion, the Plaintiff suffered actual damages by loss of credit,

loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

37.    Defendants Experian, TransUnion, Equifax and CSC's conduct, actions and inaction were willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

38.    The Plaintiff is entitled to recover costs and attorney's fees from Defendants TransUnion, Experian, Equifax and CSC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II.**
Failure to Conduct a Reasonable Investigation
Violations of the FCRA, 15 U.S.C. § 1681i
(Against Defendants Equifax, CSC, Experian and TransUnion)

39.    Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

40.    Defendant Equifax, CSC, Experian and TransUnion violated 15 U.S.C. 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to review and consider all relevant information submitted by Plaintiff; by failing to conduct a lawful reinvestigation; by failing to conduct a genuine and reasonable reinvestigation in response to Plaintiff's dispute; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; persisting in reporting information that

they knew or should have known to be inaccurate and damaging; and relying on verification from a source they had reason to know is unreliable.

41.    As a result of the conduct, actions and inaction of Defendants TransUnion, Equifax, Experian and CSC the Plaintiff suffered actual damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

42.    Defendants TransUnion, Experian, Equifax and CSC's conduct, actions and inaction were willful, rendering them liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

43.    The Plaintiff is entitled to recover costs and attorney's fees from Defendants TransUnion, Experian, Equifax and CSC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III.**
Failure to Conduct of Reasonable Investigation
Violation of the FCRA, 15 U.S.C. § 1681s-2(b)
(Against Wells Fargo Bank, N.A.)

44.    Plaintiff realleges and incorporates paragraphs 1 through 43 above as if fully set out herein.

45.    Defendant Wells Fargo violated 15 U.S.C. 1681s-2(b) by failing to conduct an investigation with respect to the disputed information; by failing to review all the information provided by the consumer reporting agency; failing to report the results of their investigation to the consumer reporting agencies; failing to report the results of their

investigation to all other consumer reporting agencies to which Defendant Wells Fargo furnished the inaccurate information; failing to delete the inaccurate information after receiving actual notice of such inaccuracies; by failing to review and consider all relevant information submitted by Plaintiff; by failing to permanently block the reporting of the inaccurate information; and persisting in reporting information that they knew or should have known to be inaccurate and damaging.

46.    As a result of Defendant Wells Fargo's conduct, actions and inaction, Plaintiff suffered actual damages in the form of credit denials or loss of credit opportunity, credit defamation, loss of the ability to purchase and benefit from credit and emotional distress, including anxiety, frustration, embarrassment and humiliation.

47.    Defendant Wells Fargo's conduct, actions and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

48.    The Plaintiff is entitled to recover costs and attorney's fees from Defendant Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## JURY TRIAL DEMANDED

49.    Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

a. Actual Damages;

b. Statutory Damages;

c. Punitive Damages;

d. Costs and reasonable attorney's fees;

e. Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **July 11, 2014**

**s/ Mark L. Heaney**
Mark L. Heaney, Esq.
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile:  (952) 544-1308
Email: mark@heaneylaw.com
*Attorney for Plaintiff*